Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| HUGO CARLOS DE LA UZ COLÓN<br><br>Peticionario<br><br>V.<br><br>BROCK JEFFREY PIERCE Y OTROS<br><br>Recurridos | KLCE202400592 | Recurso de *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2023CV05674 (503)<br><br>Sobre:<br><br>Cobro de Dinero-Ordinario, Daños, Reposesión de Bienes Muebles, Enriquecimiento Injusto, Persecución Maliciosa, Interdicto Permanente |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo

Marrero Guerrero, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece el Sr. Hugo Carlos de la Uz Colón (en adelante, peticionario o señor de la Uz Colón) mediante *Petición de Certiorari* en la que nos solicita que revisemos tres Órdenes y una *Resolución* emitidas por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI).[1] A través de estos dictámenes, el TPI denegó una solicitud al amparo de la Regla 4.5 de Procedimiento Civil para el pago de los gastos y honorarios legales incurridos en los trámites del emplazamiento personal del Sr. Brock Jefrey Pierce y The Roundtable, LLC (en adelante, parte recurrida), así como una solicitud de reconsideración sobre el mismo asunto. Además, suspendió la adjudicación de los remedios provisionales solicitados en la *Demanda*.

---

[1] Apéndice del recurso del peticionario, págs. 64, 76, 90-93 y 101-104.

Por los fundamentos que expondremos a continuación, denegamos expedir el auto de *certiorari* solicitado por el señor de la Uz Colón.

**-I-**

El presente caso tuvo su génesis el 11 de octubre de 2023, cuando el señor de la Uz Colón presentó una *Demanda* contra la parte recurrida por incumplimiento contractual verbal, cobro de dinero ordinario, daños y perjuicios, reposesión de bienes muebles, enriquecimiento injusto, persecución maliciosa, e interdicto permanente. Además, en su *Demanda* solicitó remedios provisionales, incluyendo la prohibición de enajenar cierta propiedad inmueble.[2]

El 10 de noviembre de 2023, el peticionario presentó un *Escrito al Expediente Judicial* en el cual informó que el 8 de noviembre de 2023 envió a la parte recurrida una carta certificada con acuse de recibo, incluyendo una solicitud de renuncia al diligenciamiento del emplazamiento y una copia de la demanda.[3] Asimismo, informó que remitió a la parte recurrida una copia adicional de dicha solicitud de renuncia y el correspondiente sobre pre-dirigido con franqueo. El 14 de noviembre de 2023, el TPI emitió una *Orden* en la que tomó conocimiento de lo informado por el señor de la Uz Colón e indicó que evaluaría los planteamientos cuando se presentara la controversia.[4]

El 4 de diciembre de 2023, el peticionario presentó una *Moción en Solicitud de Costos y Honorarios de Abogados*.[5] En este escrito, informó al TPI sobre las gestiones realizadas para obtener la renuncia a los emplazamientos dirigidos a la parte recurrida y la negativa de esta parte a dicha renuncia. Al respecto, adjuntó como

---

[2] *Íd.*, págs. 1-22. La propiedad inmueble objeto del presente litigio se encuentra ubicada en Bayamón, Puerto Rico.
[3] *Íd.*, págs. 23-25.
[4] *Íd.*, pág. 26. Archivada y notificada en autos el 15 de noviembre de 2023.
[5] *Íd.*, págs. 27-30.

anejos unos correos electrónicos de una persona llamada Jesús Marengo Collazo, que a su vez contenían documentos que, según sus títulos, parecían ser evidencia de las notificaciones enviadas a la parte recurrida para obtener su renuncia al emplazamiento.[6]

El 6 de diciembre de 2023, el TPI emitió una *Orden* en la que indicó al demandante que su moción no acreditaba el cumplimiento con la Regla 4.5 de Procedimiento Civil, la Regla 4.5, 32 LPRA Ap. V, R. 4.5.[7] Por lo cual, declaró no ha lugar la solicitud en dicha etapa de los procedimientos. En específico, el foro primario dispuso lo siguiente:

> A LA SOLICITUD DE LA PARTE DEMANDANTE PARA QUE SE LE IMPONGAN A LA PARTE CO-DEMANDADA LAS SANCIONES QUE SURGEN DE LA REGLA 4.5 DE PROCEDIMIENTO CIVIL RELACIONADAS CON LA RENUNCIA AL EMPLAZAMIENTO PERSONAL RESOLVEMOS: NO HA LUGAR EN ESTA ETAPA DE LOS PROCEDIMIENTOS.
>
> TOME NOTA LA PARTE DEMANDANTE QUE LOS ANEJOS PRESENTADOS CON LA MOCI[Ó]N QUE NOS OCUPA NO ACREDITAN EL CUMPLIMIENTO CON LA REFERIDA REGLA 4.5. REVISAMOS LOS ANEJOS Y SON SOLO COPIAS DE CORREOS ELECTR[Ó]NICOS CURSADOS. NO OBSTANTE, LE DEJAMOS ESTABLECIDO QUE DEBER[Á] PRESENTAR SU SOLICITUD (Y ACREDITAR CUMPLIMIENTO CON LAS DISPOSICIONES DE LA REFERIDA REGLA 4.5) CUANDO EL TRIBUNAL HAYA ADQUIRIDO JURISDICCI[Ó]N SOBRE LA DEMANDADA. SU SOLICITUD ES PREMATURA.
>
> DEMANDANTE TOME NOTA QUE SURGE DE LA PROPIA REGLA 4.5 QUE EL OTORGAMIENTO DE LAS SANCIONES PROVISTAS POR ESTA REGLA NO SON AUTOM[Á]TICAS; LA PARTE DEMANDADA DEBER[Á] ACREDITAR SI HUBO JUSTA CAUSA PARA EL INCUMPLIMIENTO.
>
> […]

El 9 de abril de 2024, el señor de la Uz Colón presentó una *Moción en Solicitud de Remedios[,] Costos y Honorarios de Abogados.*[8] En esta, reiteró su petición de imposición de costas y honorarios legales relacionados con el emplazamiento de las partes demandadas. Específicamente, solicitó una cuantía no menor de

---

[6] *Íd.*, págs. 31-33.
[7] *Íd.*, págs. 34-36. Archivada y notificada en autos el 7 de diciembre de 2023.
[8] *Íd.*, págs. 37-41.

cinco mil dólares ($5,000.00) por concepto de gastos de emplazamiento y honorarios de abogados.

Además, en la misma fecha, el señor de la Uz Colón presentó una *Moción en Solicitud de Desistimiento de Partes Co-demandadas del Caso de Epígrafe* con relación a las co-demandadas Crystal Rose y la Sociedad Legal de Gananciales compuesta por la señora Rose y el señor Pierce.[9]

Consecuentemente, el foro de instancia emitió una *Orden* en la que instruyó al peticionario a presentar, en un plazo de diez (10) días, un memorando de costas. Precisó que, en este documento, debía adjuntar recibos o facturas que respaldaran los gastos y honorarios de abogados reclamados, conforme a la Regla 4.5 de Procedimiento Civil.[10]

El 11 de abril de 2024, el TPI emitió una *Sentencia Parcial* en la que ordenó el archivo con perjuicio de la causa de acción contra Crystal Rose y la Sociedad Legal de Gananciales compuesta por la señora Rose y el señor Pierce, sin especial imposición de costas, gastos, ni honorarios de abogado.[11]

El 25 de abril de 2024, la parte recurrida presentó una *Moción de Desestimación*.[12] En este escrito, alegó, entre otros argumentos, la falta de jurisdicción del foro primario para atender la demanda debido a la existencia de un acuerdo de arbitraje entre las partes, así como la ausencia de una parte indispensable, que, según indicó, es la corporación propietaria del inmueble en controversia.

Además, en la misma fecha, la parte recurrida presentó una *Moción para Dejar en Suspenso la Adjudicación de los Remedios Provisionales Solicitados*.[13] Mediante esta moción, solicitó al TPI

---

[9] Apéndice de la parte recurrida, págs. 1-2.
[10] Apéndice del recurso del peticionario, pág. 42. Archivada y notificada en autos el 9 de abril de 2024.
[11] Apéndice de la parte recurrida, pág. 3.
[12] Apéndice del recurso del peticionario, págs. 43-61.
[13] *Íd.,* págs. 62-63.

dejar en suspenso la disposición de la solicitud de remedios provisionales, incluyendo la prohibición de enajenar la propiedad inmueble en controversia y cuyo propietario, arguyó, no es parte en este pleito.

El 26 de abril de 2024, el TPI emitió dos órdenes. En la primera, el foro de instancia accedió en dejar en suspenso la adjudicación de los remedios provisionales solicitados.[14] En la segunda orden, concedió un término de veinte (20) días al señor de la Uz Colón para replicar la *Moción de Desestimación.*[15]

El 1 de mayo de 2024, el peticionario presentó una moción titulada *Cumplimiento de Orden.*[16] En esta moción, desglosó los gastos y honorarios legales supuestamente incurridos en relación con el emplazamiento de la parte recurrida, los cuales ascienden a cuatro mil ochocientos noventa y dos dólares con noventa y dos centavos ($4,892.92). El señor de la Uz Colón anejó copias de recibos y facturas como respaldo de estos gastos.[17]

El mismo día, el TPI emitió una *Resolución* en la que declaró no ha lugar la solicitud bajo la Regla 4.5 de Procedimiento Civil.[18] De forma específica, el foro primario estableció que:

> EVALUADO EL EXPEDIENTE JUDICIAL Y LA SOLICITUD DE LA PARTE DEMANDANTE (ENTRADA #36) **RESOLVEMOS NO HA LUGAR**.
>
> AL D[Í]A DE HOY LA PARTE DEMANDANTE NO HA ACREDITADO CUMPLIMIENTO CON LA ORDEN DICTADA AL AMPARO DE LA REGLA 4.5(b)(2) DE PROCEDIMIENTO CIVIL EL 6 DE DICIEMBRE DE 2023 (ENTRADA #12).
>
> LA PARTE DEMANDANTE NO ACREDIT[Ó] HABER ENVIADO: "por correo certificado <u>con acuse de recibo **y entrega restringida**</u> a la parte demandada o a la persona autorizada por ésta". LA SOLICITUD DE RENUNCIA A EMPLAZAMIENTO PERSONAL.

El 13 de mayo de 2024, el peticionario presentó una *Moción Sobre Intención de Oponerse* en la que informó su decisión de

---

[14] *Íd.*, pág. 64. Archivada y notificada en autos el 26 de abril de 2024.
[15] *Íd.*, pág. 65. Archivada y notificada en autos el 26 de abril de 2024.
[16] *Íd.*, págs. 66-68.
[17] *Íd.*, págs. 69-75.
[18] *Íd.*, pág. 76.

oponerse a la solicitud de desestimación de la parte recurrida.[19] Para ello, solicitó el término reglamentario de veinte (20) días para llevar a cabo esta oposición. Por consiguiente, en la misma fecha, el TPI emitió una *Orden* en la que concedió al señor de la Uz Colón hasta el 30 de mayo de 2024 para replicar la *Moción de Desestimación.*[20]

De la misma forma, el 16 de mayo de 2024, el peticionario presentó una *Moción de Reconsideración* respecto a la denegatoria de su solicitud bajo la Regla 4.5 de Procedimiento Civil.[21] En síntesis, argumentó haber cumplido con los requisitos de dicha Regla y afirmó haber enviado por carta certificada con acuse de recibo y entrega restringida a la parte recurrida los documentos sobre la renuncia al emplazamiento. De este modo, reiteró su solicitud.

En respuesta a la *Moción de Reconsideración*, el 16 de mayo de 2024, el TPI emitió una *Resolución* en la que declaró lo siguiente:

> A LA SOLICITUD DE RECONSIDERACI[Ó]N (ENTRADA #40) NO HA LUGAR.
>
> HEMOS VUELTO A REVISAR DETENIDAMENTE TODOS LOS DOCUMENTOS PRESENTADOS Y DE NINGUNO DE LOS RECIBOS DEL SERVICIO POSTAL (USPS) ANEJADOS SURGE QUE EL ENV[Í]O A LA PARTE DEMANDADA SE HAYA REALIZADO MEDIANTE CORREO CERTIFICADO CON ACUSE DE RECIBO RESTRINGIDO.
>
> ESTAR[Í]AMOS EN POSICI[Ó]N DE RECONSIDERARNOS SI LA DEMANDANTE NOS ACREDITA FEHACIENTEMENTE LO REQUERIDO.[22]

El 22 de mayo de 2024, el peticionario presentó una *Moción de Remedio contra Resolución y Aclaración de Orden.*[23] A través de esta moción, reiteró su solicitud para que se dejaran sin efecto las Resoluciones del 1 y 16 de mayo 2024 y se ordenara el pago de gastos y honorarios de abogados alegadamente incurridos en el emplazamiento de la parte recurrida. Además, subrayó que "The

---

[19] *Íd.*, págs. 79-82.
[20] *Íd.*, pág. 83. Archivada y notificada en autos el 14 de mayo de 2024.
[21] *Íd.*, págs. 84-89.
[22] *Íd.*, págs. 90-93. Archivada y notificada en autos el 16 de mayo de 2024.
[23] *Íd.*, págs. 94-100.

Roundtable, LLC, cuyo Presidente es también la parte demandada de este caso Brock Jeffrey Pierce, acusó recibo de haber recibido todos los documentos que remiten a la renuncia al emplazamiento conforme a la Regla 4.5 de las de Procedimiento Civil, *supra.* Y se cruzó de brazos."[24] Por otra parte, solicitó al TPI que aclarara la orden emitida el 25 de abril de 2024, en la que dejó en suspenso la adjudicación de los remedios provisionales solicitados. Ello, con el fin de que se indicara que The Roundtable, LLC, no puede enajenar la propiedad objeto del caso de epígrafe.

El 23 de mayo de 2024, el TPI emitió una *Orden* en la que dispuso lo siguiente:

> A LOS FINES DE ATENDER LA MOCION PRESENTADA POR LA PARTE DEMANDANTE (ENTRADA #42) EL TRIBUNAL RESUELVE:
>
> 1. AL D[Í]A DE HOY LA PARTE DEMANDANTE NO HA ACREDITADO CUMPLIMIENTO LA REGLA 4.5(b)(2) DE PROCEDIMIENTO CIVIL. (SIC) LA REGLA ES CLARA Y NO DEJA MARGEN A INTERPRETACI[Ó]N. AL ACUSE DE RECIBO FIRMADO NO SUBSANA LA FALTA DE NOTIFICACI[Ó]N CON ACUSE DE RECIBO RESTRINGIDO. NOS SOSTENEMOS EN NUESTRA DETERMINACI[Ó]N. NO ATENDEREMOS M[Á]S ESCRITOS RELACIONADOS CON ESTE ASUNTO SALVO QUE LA PARTE DEMANDANTE ACREDITE CUMPLIMIENTO ESTRICTO CON LA REGLA.
>
> 2. EN CUANTO A LA SOLICITUD DE ORDEN PROTECTORA[,] NUESTRO DICTAMEN ES CLARO Y NO REQUIERE ACLARACI[Ó]N. EN ESTA ETAPA DE LOS PROCEDIMIENTOS ESTE TRIBUNAL EST[Á] IMPOSIBILITADO DE ATENDERLO Y NADA HA DISPUESTO SOBRE ESTE ASUNTO. LA PARTE DEMANDADA PRESENT[Ó] MOCI[Ó]N DE DESESTIMACI[Ó]N[,] LA QUE AUN NO HA SIDO REPLICADA POR LA PARTE DEMANDANTE. ENTRE LAS ALEGACIONES DE LA PARTE DEMANDADA SURGE QUE EN ESTE PLEITO FALTAN PARTES INDISPENSABLES Y QUE EL TITULAR DEL BIEN SOBRE EL CUAL SE SOLICIT[Ó] ORDEN DE NO ENAJENACI[Ó]N NO FORMA PARTE DE ESTE PLEITO. ESTE TRIBUNAL PRIMERO TIENE QUE ATENDER ESTOS ASUNTOS ANTES DE CONSIDERAR LA SOLICITUD DEL DEMANDANTE.[25]

Inconforme, el señor de la Uz Colón acudió ante nosotros mediante el recurso que nos ocupa y le imputó al foro primario la comisión de los siguientes errores:

---

[24] *Íd.*, pág. 95.
[25] *Íd.*, pág. 101.

1. Erró y abusó de su discreción el foro de instancia al insistir en que la parte recurrente acredite el cumplimiento de la entrega restringida, cuando la parte recurrida advino en conocimiento de los documentos relativos a la renuncia al emplazamiento mediante carta certificada con acuse de recibo, ya que la parte recurrida, The Roundtable, LLC, acreditó dicho recibo y el presidente de la parte recurrida aludida es Brock Jefrey Pierce, la otra parte recurrida en el caso de epígrafe. Erró y abusó de su discreción el foro de instancia al no compeler a la parte recurrida a pagar aquellos gastos en que incurra la parte demandante para el diligenciamiento del emplazamiento, además de los gastos en honorarios de abogado(a).

2. Erró y abuso de su discreción el foro de instancia al no aclarar el alcance de su orden del 25 de abril de 2024 dejando en suspenso los remedios provisionales solicitados en este caso y al no expresar que su orden impide que la parte recurrida enajene (venda) la propiedad objeto de estos procedimientos, cuando el foro de instancia carece de impedimento real en esta etapa de los procedimientos para ello y en aras de proteger los intereses de la parte recurrente y no conceder una ventaja indebida a la parte recurrida que convierte el pleito en académico.

En vista de los errores imputados, procedemos a discutir las normas jurídicas aplicables a este recurso.

**-II-**

**-A-**

El *certiorari* es un recurso extraordinario cuya característica se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *McNeil McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403-404, (2021); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020), *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). En consecuencia, este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

La Regla 52.1 de Procedimiento Civil de 2009, según enmendada, Ap. V, R. 52.1, establece las instancias en las que este tribunal posee autoridad para expedir el auto de certiorari sobre materia civil. S*cotiabank de Puerto Rico v. ZAF Corporation, et als.*, 202 DPR 478 (2019). Por su parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, prescribe los

criterios que debemos tomar en consideración al momento de determinar si expedimos o denegamos el auto solicitado:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente algunos de estos criterios, corresponde abstenernos de expedir el auto de *certiorari.*

**-B-**

Los foros de instancia gozan de amplia discreción en la tramitación de los casos ante su consideración para asegurar la más eficiente administración de la justicia, por lo que sus decisiones merecen gran deferencia. *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306-307 (2012); *Vives Vázquez v. ELA*, 142 DPR 117, 143 (1996). Específicamente, la discreción que tiene un tribunal de justicia se refiere a su facultad para resolver de una forma u otra, o de escoger entre varios cursos de acción. *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 273 (2021); *Citibank et al. v. ACBI et al.*, 200 DPR 724, 735 (2018); *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010); *García v. Padró*, 165 DPR 324, 334 (2005). Así, la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 711 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *SLG Zapata-Rivera*

*v. J.F. Montalvo,* 189 DPR 414, 435 (2013). En efecto, la discreción "se nutre de un juicio racional [...] y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". *SLG Zapata- Rivera v. J.F. Montalvo*, supra, pág. 435.

En virtud de lo anterior, la discreción que cobija al Tribunal de Primera Instancia en sus determinaciones discrecionales es amplia, por lo que sus decisiones merecen gran deferencia. *Citibank et al. v. ACBI et al.*, supra, pág. 735; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 306–307 (2012). Por lo tanto, los tribunales apelativos no deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por este en el ejercicio de su discreción, salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción, o que incurrió en error manifiesto, y que la intervención en esa etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. *BPPR v. Gómez-López,* 2023 TSPR 145, 213 DPR ____ (2023); *VS PR, LLC v. Drift-Wind*, supra, pág. 273; *Umpierre Matos v. Juelle, Mejías*, 203 DPR 254, 275-276 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-C-**

La jurisdicción es el poder o autoridad que ostentan los tribunales para considerar y decidir los casos o controversias que tienen ante sí. *Fideicomiso de Conservación de Puerto Rico y Para la Naturaleza, Inc. v. ELA*, 211 DPR 521 (2023); *Beltrán Cintrón y otros v. Estado Libre Asociado*, 2004 DPR 89, 101 (2020); *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 499-500 (2019). En ese sentido, ningún tribunal podrá actuar sobre un demandado o una demandada sin antes haber adquirido previamente la autoridad necesaria para ello, es decir, sin haber adquirido jurisdicción sobre

su persona. *Cirino González v. Administración de Corrección, et al.*, 190 DPR 14 (2014).

En nuestro ordenamiento procesal, un tribunal adquiere jurisdicción sobre un demandado o una demandada de dos (2) maneras distintas: cuando se utilizan adecuadamente los mecanismos procesales de emplazamiento establecidos en las Reglas de Procedimiento Civil o cuando la parte demandada se somete voluntariamente a la jurisdicción del tribunal, explícita o tácitamente. *Íd.*, pág. 29.

En concreto, el emplazamiento es el mecanismo procesal principal que permite al tribunal adquirir jurisdicción sobre la demandada o el demandado, de forma tal que la persona quede obligada por el dictamen que finalmente se emita. El propósito del emplazamiento es notificar a la parte demandada, a grandes rasgos, que existe una acción judicial en su contra para que, si así lo desea, ejerza su derecho a comparecer en el juicio, ser oído y presentar prueba a su favor. Se trata de una exigencia del debido proceso de ley, por lo que se requiere una adhesión estricta a sus requerimientos. *Íd.*, págs. 29-30.

Cabe resaltar que, el derecho procesal civil vigente contempla la posibilidad de emplazar a un demandado o una demandada mediante tres (3) métodos distintos. Para ello, la Regla 4.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, regula lo concerniente al emplazamiento personal, que no es otra cosa que, la entrega directa y personal al demandado o demandada, de copia de la demanda y del emplazamiento. Por su parte, la Regla 4.5, 32 LPRA Ap. V, R. 4.5, provee para el emplazamiento mediante renuncia voluntaria del demandado o demandada al emplazamiento personal. Finalmente, la Regla 4.6, 32 LPRA Ap. V, R. 4.6, trata lo relativo al emplazamiento por edicto.

En relación con la controversia que nos ocupa, es relevante destacar que la Regla 4.5, *supra*, establece lo siguiente:

(a) Una persona mayor de edad, una corporación, una compañía, una sociedad, una asociación o cualquier otra persona jurídica que sea notificada de que se ha presentado una acción civil ordinaria en su contra, **tiene el deber de evitar los gastos del diligenciamiento del emplazamiento personal**. **A tales fines, podrá renunciar al emplazamiento bajo las circunstancias que se describen más adelante**. [...]

(b) La parte demandante podrá notificar a la parte demandada que ha presentado una acción en su contra **y solicitarle que renuncie a ser emplazada**. La notificación y solicitud de renuncia deberá:

(1) Hacerse por escrito y dirigirse a la parte demandada, si es una persona natural mayor de edad, o a un o una oficial, gerente administrativo, agente general o a cualquier otro u otra agente autorizado por nombramiento o designado por ley para recibir emplazamientos, si se trata de una corporación, una compañía, una sociedad, una asociación o cualquier otra persona jurídica.
(2) **Enviarse por correo certificado con acuse de recibo y entrega restringida** a la parte demandada o a la persona autorizada por ésta.

(3) Estar acompañada de copia de la demanda, debidamente sellada con la fecha y hora de presentación, e identificar el tribunal en el que fue presentada.

(4) Notificar a la parte demandada de las consecuencias de cumplir o de no cumplir con la solicitud de renuncia.

(5) Informar a la parte demandada que si acepta la renuncia deberá firmar la solicitud aceptando que la misma fue voluntaria y no como producto de coacción, y devolverla dentro del término de veinte (20) días desde la fecha en que se envió la solicitud o de treinta (30) días si la parte demandada se encuentra fuera de Puerto Rico.

(6) Proveer a la parte demandada una copia adicional de la solicitud de renuncia, así como un sobre pre dirigido.

Si la parte demandada no completa la solicitud de renuncia, el tribunal le impondrá el pago de los gastos en que se haya incurrido en el diligenciamiento del emplazamiento, a menos que demuestre justa causa para no completar la solicitud.

[...]

(e) Una parte demandada que incumpla con la solicitud de renuncia al emplazamiento pagará aquellos gastos en que incurra la parte demandante para el diligenciamiento del emplazamiento, además de los gastos en honorarios de abogado o de abogada para la preparación de la moción de pago por los gastos del emplazamiento.

(Énfasis nuestro).

A la luz de las normas jurídicas antes expuestas, procedemos a resolver.

**-III-**

Luego de un análisis minucioso del expediente del caso, y en el ejercicio de nuestra discreción bajo la Regla 40, *supra*, declinamos la invitación del señor de la Uz Colón a intervenir con lo actuado por el foro primario.

En su escrito, el peticionario solicita que revoquemos tres Órdenes y una Resolución.[26] En resumen, en estos dictámenes el TPI denegó una solicitud al amparo de la Regla 4.5 de Procedimiento Civil, *supra,* para el pago de los gastos y honorarios legales incurridos en los trámites del emplazamiento personal de la parte recurrida, así como una solicitud de reconsideración sobre el mismo asunto. Además, ordenó la suspensión de la adjudicación de los remedios provisionales solicitados por el peticionario, incluyendo una prohibición de enajenar la propiedad inmueble objeto del litigio.

En relación con el pago de los gastos y honorarios legales incurridos en los trámites del emplazamiento personal de la parte recurrida, el TPI señaló que no atendería más escritos relacionados con este asunto, salvo que el peticionario acredite cumplimiento estricto con la Regla 4.5 de Procedimiento Civil, *supra.* Además, respecto a la solicitud de protección del inmueble objeto del litigio, el foro de instancia expresó que en esta etapa de los procedimientos no puede atender la petición. Concluyó que primero debe resolver los asuntos de falta de jurisdicción y parte indispensable antes de considerar la solicitud del señor de la Uz Colón. Decisión que se tomará después de que el peticionario responda a la solicitud de desestimación presentada por la parte recurrida, para lo cual se concedió un plazo adicional.[27]

Es ampliamente conocido que los tribunales de instancia gozan de amplia discreción en la tramitación de los casos que tienen

---

[26] Apéndice del recurso del peticionario, págs. 64, 76, 90-93 y 101-104.
[27] *Íd.,* pág. 101.

ante sí. *Mejías et al. v. Carrasquillo et al.*, supra, págs. 306-307; *Vives Vázquez v. ELA*, supra, pág. 143. La discreción es la facultad que posee un tribunal para resolver de una forma u otra, o escoger entre varios cursos de acción. *VS PR, LLC v. Drift-Wind*, supra, pág. 273. En consecuencia, las decisiones tomadas por los foros primarios son objeto de gran deferencia por parte de los tribunales de apelación. *Citibank et al. v. ACBI et al.*, supra, pág. 735. En ese sentido, no debemos intervenir con las determinaciones emitidas por el Tribunal de Primera Instancia y sustituir el criterio utilizado por este en el ejercicio de su discreción, a menos que se pruebe que dicho foro actuó con prejuicio, parcialidad, cometió un claro abuso de discreción, o incurrió en error manifiesto, y que la intervención en esta etapa evitaría un perjuicio sustancial a la parte afectada por su decisión. *BPPR v. Gómez-López,* supra; *VS PR, LLC v. Drift-Wind*, supra, pág. 273.

Después de una evaluación exhaustiva del expediente bajo nuestra consideración y de la normativa aplicable al caso, no encontramos razones que justifiquen intervenir con lo actuado por el foro primario. Consideramos que el señor de la Uz Colón ha solicitado la intervención de este Tribunal en asuntos interlocutorios que claramente recaen en la sana discreción del foro primario, con el añadido de que, tal como se ha discutido, el TPI no ha emitido realmente, y se ha reservado expresamente su determinación sobre los asuntos planteados ante sí hasta que ocurran ciertas circunstancias en el caso. Tampoco se cumplen los criterios establecidos en la Regla 40 de este Tribunal, *supra.* En consecuencia, denegamos la expedición del auto de *certiorari.*

**-IV-**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado por el señor de la Uz Colón.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones